# SAMULI O. SWENSON, et al., v. AULTMAN, MILLER & CO.

1. DILIGENCE IN PROCURING TESTIMONY; *Laches; Continuance.* Where a witness whose testimony is material, could be procured by the exercise of reasonable diligence, but the witness tells the party wanting his testimony that he will be present at the trial of the case so that his testimony may be used, and such party uses no diligence to procure the testimony of said witness, *held*, that such party is not entitled to a continuance for the want of the testimony of such witness.

2. MOTION FOR CONTINUANCE; *Witness; Evidence.* Before a judgment of the district court can be reversed, because such court overruled a motion for a continuance to procure the testimony of an absent witness, it must appear somewhere from the record that such testimony was material and competent in the case. This should really appear from the affidavit itself, filed for the purpose of procuring the continuance. But beyond all doubt it should appear from the record or some part thereof.

3. AGENT; *Declarations; Authority to bind Principal.* It is a general rule that the declarations of an agent, in order to bind his principal, must not only come within the scope of the agent's authority, but they must also be made by the agent while he is transacting his principal's business, and be connected therewith as a part of the *res gestæ*.

4. CONTINUANCE; *Discretion of Court.* Continuances are to some extent within the discretion of the trial court; and unless it is shown that the trial court abused its discretion in granting or refusing a continuance the appellate court will not declare the rulings of the trial court in such a case erroneous.

*Error from Davis District Court.*

ACTION, by *Aultman, Miller & Co.*, to foreclose a mortgage executed by *Swenson* and wife. The questions here were as to the correctness of the ruling of the district court, in refusing a continuance asked by defendants at the November Term 1873. The plaintiffs had judgment, and the defendants' appeal.

*James Ketner*, and *Chas. G. Cox*, for plaintiffs in error.

*McClure & Humphrey*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Aultman, Miller & Co. against Samuli O. Swenson and John P. Swenson on a promissory note and a mortgage. John P. Swenson originally owed the debt to Aultman, Miller & Co., and his wife Samuli O. Swenson executed said note for the debt, and they both executed the mortgage to secure the payment of the note. Mrs. Swenson. set forth in her answer that her signature to the note and mortgage was obtained fraudulently. When the case was called for trial she asked for a continuance of the same until the next term of the court, and filed two affidavits in support of her motion for a continuance. The court overruled said motion; the defendants excepted, and this is the sole ground for error in this case. The first affidavit was filed for the purpose of obtaining a continuance so as to procure the testimony of one William Stafford. The affidavit however does not show that any legal diligence was

1. Diligence; procuring testimony.

used to get the testimony of said Stafford. Although it appears that Stafford resided in the same county where this suit was brought and tried, at and after the time it was brought, yet no subpœna was ever issued to procure his attendance. And although he afterward removed from said county to Chicago, Illinois, yet no attempt was ever made to procure his deposition. Stafford told the defendants that he would be present at the trial, but that does not excuse the defendants' want of diligence in not attempting to procure his testimony. (*Educational Association v. Hitchcock*, 4 Kas., 36.) The witness' testimony could have been procured by the exercise of reasonable diligence. Hence we think the court below did not err in refusing to grant a continuance for the want of the testimony of such witness.

The other affidavit was filed for the purpose of getting a continuance to procure the testimony of one Charles H. Purinton. We think this affidavit is sufficient to procure a continuance, provided the alleged testimony of said Purinton

is competent and material in this case. The said alleged testimony is as follows:

"The said Purinton if present would swear and prove that he was present in Junction City, Kansas, on the 26th of February 1872, the date of the execution of the note and mortgage by Mrs. Samuli O. Swenson, wife of affiant John P. Swenson, and that at that time one Rhodes, the then general agent of the said plaintiffs, told him that all he wanted was to induce Mrs. Swenson to give her note and mortgage upon her own individual property to secure the payment of the money due to them from John P. Swenson, to-wit, the sum of $4,087.06, and then John P. Swenson might go the devil; and that immediately after securing said note and mortgage he the said Rhodes, as such general agent, told the witness Purinton that he had come it over Swenson (meaning John P. Swenson,) at last, and that by the assurance that he, as the duly-authorized agent of the said plaintiffs, would constitute the said John P. Swenson their agent for the counties of Davis, Morris, Dickinson, Clay and Cloud, in the state of Kansas, for the term and period of five years from that date. Witness will also swear that the agency of said plaintiffs aforesaid would have been worth at least $1,500 per year, and that after the procurement of said note and mortgage as aforesaid, the said Rhodes, as the duly-authorized agent, and acting for the said plaintiffs, disregarding the promises and agreement aforesaid, gave the agency aforesaid to other parties in Junction City."

Now before we can reverse the judgment of the district court because it overruled said motion for a continuance, it

2. Motion to continue; materiality of evidence.

must appear somewhere from the record of the case that this evidence was material and competent. This should really appear from the affidavit itself; (Gen. Stat., 689, code, § 317.) But beyond all doubt it should appear from the record, or some portion thereof. In the present case it does not appear from anything brought to this court that said evidence, or any portion thereof, was material and competent. The evidence is in substance, *first*, what an agent of the plaintiffs said to a third person prior to the time of the execution of said note and mortgage as to what the agent *intended* to do; *second*, what said agent said to this same third person after said note and mortgage were

executed as to what the agent had done, and what he intended to do; *third*, what the opinion of said witness was as to the value of a certain agency which said agent agreed to confer upon John P. Swenson.   It is not claimed in this court that the last-mentioned evidence was competent and material; and it was not competent and material, for there is nothing in the whole record that tends to show that said witness had any knowledge or intelligent opinion as to what was the value of said agency which said agent agreed to confer upon Swenson.

It is a general rule that the declarations of an agent in order to bind his principal must not only come within the scope of the agent's authority, but they must also be made by the agent while he is transacting his principal's business, and be connected therewith as a part of the *res gestæ*: 1 Greenl. Ev., § 113; Story on Agency, §§ 134, 135, 136; Paley on Agency, 256, 257; *U. S. Express Co. v. Anthony*, 5 Kas., 490.   Now the declarations in the present case were not made while the agent was transacting his principal's business, and they formed no part of the *res gestæ*.   A part of said declarations was made before the agent commenced to transact his principal's business, and the other part was made afterward.   No portion of said declarations was made during the time the agent was negotiating with the defendants, and no portion thereof formed any part of the transaction had with the defendants.   These declarations should have been made during the transaction, and as a part thereof, in order to constitute any portion of the *res gestæ*. *State v. Montgomery*, 8 Kas., 351, 360, et seq.; *Luby v. Hudson River Rld. Co.*, 17 N. Y., 131; *Sweatland v. Ill. & Miss. Tel. Co.*, 27 Iowa, 433; *Osgood v. Bringolf*, 32 Iowa, 265.   But if said declarations had been so made, Swenson and wife would have known it, and they would not now be claiming that they were defrauded in consequence of them.   All that these declarations tend to prove is, that the agent did not intend to appoint Swenson as an agent of the plaintiff at the time when said agent agreed to do so.   Does this

*3. Agent; declarations; authority to bind principal.*

make any difference? If the agent made a contract for his principal to appoint said Swenson an agent, and then neglected or refused to do so, would not his principal be just as liable if the agent made the contract in good faith, as though he acted in the worst of faith and never intended to appoint Swenson to said agency? Does not the question depend upon whether there was a breach of any valid contract, without reference to what the intentions of the agent were? This question however is not in the case. The only question is, whether the declarations of an agent when not in the performance of any business for his principal can be used as evidence against his principal. We do not think they can. It does not seem from the record that the agent himself was examined as a witness on the trial. Continuances

4. Continuance; discretion of court.

are to some extent within the discretion of the trial court; and unless it is shown that the trial court abused its discretion in granting or refusing a continuance, the appellate court will not declare the ruling of the trial court in such a case erroneous. *Hottenstein v. Conrad,* 9 Kas., 436 ; *Davis v. Wilson,* 11 Kas., 74. The judgment of the court below is affirmed.

All the Justices concurring.