All the Justices concurring.

THE ST. LOUIS, WICHITA & WESTERN RAILROAD COM-
PANY v. JAMES RANSOM.

1. JURISDICTION *of District Court; Objection, too Late.* An action was com-
menced in one of the district courts of this state against two defendants,
charging them to have jointly committed a trespass upon the real estate
of the plaintiff. The plaintiff and one defendant were citizens of this
state; the other defendant was a citizen of Missouri. Both defendants
appeared by the same attorney, but each filed a separate answer. The
defendant citizen of Missouri filed its petition and bond in the district
court for a removal of the case to the United States circuit court. Such
petition alleged that the controversy between it and the plaintiff could
be determined without the presence of the other defendant, and was
simply an application for the removal of the case so far as it was con-
cerned. The prayer of the petition was granted, and the case ordered
removed to the federal court so far as the non-resident defendant was
concerned. Thereafter the case was called for trial as between the plain-
tiff and the resident defendant; the latter making no objection to the
trial, never suggesting that the entire case had been removed to the
federal court, but in all respects acting as though the jurisdiction of the
district court was absolute and unquestionable; and a jury being waived,
the case was tried by consent by the court. Judgment having been en-
tered against the defendant, a motion for a new trial was made, which
contained no suggestion of a want of jurisdiction, or that the entire case
had been removed to the federal court. This motion having been over-
ruled, such defendant now brings the case to this court, and for the first
time in the history of the case claims that the district court had no ju-
risdiction, and that by the action of its co-defendant the entire case had
been removed to the federal court. *Held,* That the claim of defendant
is made too late; that conceding that upon the application of its co-
defendant the entire case was removable to the circuit court; yet this
defendant was not bound to go to that court unless it wanted to. It
could after the removal by its co-defendant submit to the state court a
determination of the controversy between it and the plaintiff. And
having done so it could not avoid the judgment pronounced thereon

upon the claim that it might, if it had wanted to, have gone to the federal court with its co-defendant.

2. CONTINUANCE, *Ground of.*  Before a party has a right to a continuance on the ground of absent testimony, it must affirmatively appear that such party has used due diligence in seeking to obtain such testimony, and also that the same is material.

### *Error from Greenwood District Court.*

ACTION brought by *Ransom* against the *Railroad Company*, to recover damages for certain trespasses committed upon his real estate.  Trial by the court at the August Term, 1881, and finding and judgment for the plaintiff for $498.  New trial denied.  The defendant *Company* brings the case here. The facts appear in the opinion.

*S. S. Kirkpatrick,* for plaintiff in error.

*Clogston & Martin,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On March 26, 1880, defendant in error filed his petition in the district court of Greenwood county. to recover of the defendant, now plaintiff in error, for certain trespasses committed upon his real estate.  The defendant answered by first, a general denial, and second, by an allegation that the trespasses were committed after a condemnation of the right-of-way.  On June 18, 1881, by leave of the court, an amended petition was filed, counting on the same trespasses, but making the St. Louis & San Francisco railroad company also a party defendant, and alleging that the two defendants were joint trespassers.  On July 16, 1881, the St. Louis & San Francisco railroad company filed its separate answer, the same attorney appearing for both defendants.  On August 10, 1881, the St. Louis & San Francisco railroad company filed its petition and bond for the removal of the case to the United States circuit court, which petition was granted, and removal ordered.  This petition expressly stated that it is made on behalf of the St. Louis & San Francisco railroad company, alleges that between it and

the plaintiff there is a separable controversy which may be determined without the presence of the other defendant, the St. Louis, Wichita & Western railroad company. This petition was granted, and a removal ordered so far as the St. Louis & San Francisco railroad company was concerned. This order was made on August 15, 1881. On August 16, 1881, the case was called for trial between plaintiff and the defendant, the St. Louis, Wichita & Western railroad company. No objection was made to the jurisdiction of the court, and an application for continuance having been overruled, a jury was waived and the case was by consent submitted to the court for trial. On such trial the court found for the plaintiff, and rendered judgment in his favor for $498. A motion for a new trial was duly made and overruled, and now the defendant, as plaintiff in error, brings the record to this court for review. Three errors are alleged. The first and principal one is, that after the filing by the St. Louis & San Francisco railroad company of the petition and bond for removal, the entire case was removed to the United States circuit court, and the jurisdiction of the state court instantly and absolutely ceased, and that therefore all subsequent proceedings in the state court were null and void. In support of this proposition, the cases of *Barney v. Latham,* 103 U. S. 205, and *Kern v. Huidekoper,* 103 U. S. 485, are cited. It is conceded, and we shall assume on the authority of those cases, that by the petition and bond of the St. Louis & San Francisco railroad company the entire case, both as to it and the present plaintiff in error, was removed to the United States circuit court, and that while the present plaintiff in error could not of itself remove the case, yet it might avail itself of the action of its co-defendant and insist upon going with it to the United States court. All this is conceded. Perhaps a distinction might be drawn between this case and the cases cited from 103 U. S., but we do not care to pursue the inquiry. We shall assume that those cases are controlling, and still we think that the ruling of the district court must be sustained. Those cases decide substantially that one of two defendants may remove the

entire case to the federal court, and this notwithstanding the existence of a separable controversy between the plaintiff and the other defendant, of which the federal courts have no jurisdiction. Concede all this, and yet this does not decide that one defendant having the right to a removal can prevent the other defendant, having no right to a removal, from submitting its controversy with the plaintiff to the determination of the state court in which it was sued. Though the present plaintiff in error could have availed itself of the benefits given by the petition of its co-defendant, and gone with it to the federal court, yet it was not bound to avail itself of that privilege. It could elect to submit its controversy with the plaintiff to the determination of the courts of the state in which it was acting, and by the authority of whose laws it was created and received power to act, (and we may add that common decency required it to abide by the decision of the courts of such state,) and such election could not be defeated by any act of its co-defendant. This is not like the case of *The National Steamship Co. v. Tugman*, recently decided by the supreme court of the United States, and reported in 15 Cent. Law Jour., p. 448, in which, after a refusal by the state court to grant an application for a removal, the defendant proceeded in the state court, and elected between several modes of procedure authorized by the state practice, and in which the supreme court of the United States held that such election did not waive any rights granted by its petition for a removal; for here the present defendant had of itself no right of removal; never sought to avail itself of any privileges given by the action of its co-defendant; but voluntarily elected to submit its controversy with the plaintiff to the decision of the state court. It may be remarked here, that the first time any question was made as to the jurisdiction of the state court, was by the petition in error filed in this court. Prior to the trial in the district court, it made no question as to its jurisdiction; it suggested no want of jurisdiction on a motion for a new trial; apparently it elected to litigate its controversy with the plaintiff in the state court, in

the court in which it was sued. And only after having been finally defeated in the trial court, did it first suggest, and by petition in error in this court, that the trial court had lost

**1. Jurisdiction of district court; objection, too late.** jurisdiction by the application of its co-defendant for removal. We think in this, its action is too late. While its co-defendant had the right to remove the entire case, and while it had the right to insist upon going with such defendant to the federal court, yet such right was one which it could waive, one whose waiver was not prejudicial to the rights of its co-defendant; and having waived such right until after trial and judgment, it cannot now insist upon it. Without any process served upon it, and independent of any action against its co-defendant, it could come into the state court and submit to it the determination of any controversy between it and the plaintiff. This in effect it did; and having done so, it cannot now say that it might have gone with its co-defendant to another tribunal for the determination of such controversy. As a rule, this court reviews only errors committed by the trial court, and that court only errs when it grants or refuses direct application made by one or other of the parties. If no application for any ruling is made to that court, and no ruling is in fact made, this court cannot affirm error in the proceedings of the trial court. This, as a general proposition, is unquestioned, and there is nothing to take the present case out of the general rule. This is the principal question in the case, and in it we see nothing to justify any interference with the judgment of the district court.

The second question is, whether the court erred in refusing an application for a continuance. Upon this the facts are these: The petition was filed March 26, 1880, and the answer May 25, 1880. One continuance at least was granted to the defendant. On August 8, 1881, a deposition was taken in behalf of the defendant. On August 16, 1881, the case was called for trial, the deposition was suppressed, and thereupon the defendant asked for a further continuance. Without reading the deposition, without stating its contents or even

asserting that it was material or important, the defendant demanded a continuance as a matter of right, upon the sole ground that such deposition had been suppressed. The court overruled the motion; and this is the second ground of error. We think the ruling of the district court must be sustained, and for several reasons. Matters of continuance are largely within the discretion of the trial court, and, unless it appears that such discretion has been abused, its ruling will be sustained. Again, nearly a year and a half elapsed between the commencement of this suit and the attempt to take the deposition of this witness. One continuance had been granted to the defendant, and the court might properly say that some excuse should be shown for the delay in attempting to procure such testimony before granting a further continuance. But third, and principally, before any continuance is granted on the ground of absent testimony, it should always appear that such absent testimony is material. The mere fact that a deposition is suppressed, or that a witness is absent, does not prove that the missing testimony is competent or material; and before any court is justified in granting a continuance on the ground of absent testimony, it must affirmatively appear that such absent testimony is both competent and material. (*Swenson v. Aultman*, 14 Kas. 273.)

2. Continuance, ground of.

A final error alleged is, that the findings and judgment are against the evidence. In this, too, we think the ruling of the district court must be sustained. It is very clear from the testimony, that the trespasses complained of were committed by the defendant. After cutting all the timber upon a strip through the plaintiff's land, it condemned such strip for its right of way. Obviously there was enough testimony to justify the court in finding that what was done in the way of cutting timber, and in other trespasses upon the plaintiff's land, was done by the defendant. And when, after cutting seventy-one trees large enough for saw-logs, it condemned a right of way and obtained an award from the commissioners of only six dollars as damages, we do not wonder that the

plaintiff commenced this action to recover for trespasses which in fact and in law were committed before the defendant had any right of entry upon his lands. There being no other questions in the case, the judgment of the district court will be affirmed.

All the Justices concurring.