## MASTON v. GLEN LUMBER CO. et al.

No. 8240—Opinion Filed Jan. 16, 1917.

Rehearing Denied Feb. 27, 1917.

(163 Pac. 128.)

**1. Corporations — Foreign Corporations — Payment of Fees—Statute.**

Section 1335, Rev. Laws 1910, requiring a foreign corporation, except those created solely for religious or charitable purposes, to file in the office of the Secretary of State a certified copy of its charter or articles of incorporation and to pay the fees required as a condition precedent to its right to transact business, applies, in reference to fees, to those specified in section 3253, Revised Laws 1910, and not to the license tax or fees designated in article 18, c. 72, Revised Laws of 1910.

**2. Bills and Notes — Affirmative Defenses —Pleading.**

In an action upon a promissory note, the burden of proof is upon a defendant who admits the execution and delivery of a note and pleads affirmative matter by way of defense.

**3. Evidence—Best and Secondary Evidence —"Duplicate Original."**

Where different impressions of a writing are produced by placing carbon paper between sheets of paper and writing upon the exposed surface, the different sheets are "duplicate originals," which, if otherwise competent, may be introduced in evidence without accounting for the nonproduction of the others.

**4. Sales—Defects—Burden of Proof.**

In order to constitute a defense in an action upon a note given in part for the purchase of a silo, where the defendant introduces evidence that live stock fed upon ensilage taken from said silo were damaged, he must go further and trace the improper condition of the ensilage and the damage to such stock to some defect in the silo itself.

**5. Appeal and Error—Pleading—Discretion of Trial Court—Amendment of Pleadings.**

The granting or refusing permission by the trial court to amend pleadings after the trial has commenced rests within the sound judicial discretion of the trial court, and his action thereon will not be reversed here, unless it is shown that he had abused that discretion.

(Syllabus by Edwards, C.)

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by the Glen Lumber Company against W. H. Maston; Fred Perkins, and another, receivers of the plaintiff company, substituted as plaintiffs. Judgment for plaintiffs, and defendant brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

H. W. Harris and E. A. Foster, for defendants in error.

Opinion by EDWARDS, C. For convenience and brevity the defendants in error will be referred to as plaintiffs, and the plaintiff in error will be referred to as defendant, according to position in the lower court.

This action was begun by the plaintiff, Glen Lumber Company, a corporation, in the district court, against the defendant, to recover judgment upon a note. The petition was verified, and among other things alleged that the plaintiff corporation was and had been duly and legally authorized to transact its corporate business in the state of Oklahoma. To this petition the defendant filed an answer as follows: (1) A general denial; (2) that the note sued upon was given in part for the purchase of a silo, and alleging false representations and breach of warranty and damage resulting therefrom; (3) that the note sued upon was executed under a specific agreement that the plaintiff would furnish an itemized statement of the account making up said note, and would correct any errors therein, which statement had never been furnished. Counts 2 and 3 of said answer were verified on belief of defendant. After preliminary motions and demurrers the plaintiff filed a general denial by way of reply. Thereafter, and on September 28, 1915, Fred Perkins and C. J. Carter moved to be made parties plaintiff as receivers of the Glen Lumber Company. Thereafter, and on the 6th day of October, 1915, the defendant filed objections to a revivor of said action, and moved to dismiss for the reason that more than one year prior to the date of making the motion to make said receivers plaintiffs, said Glen Lumber Company, a cor-

poration, had forfeited its right to do business in the state of Oklahoma by failure to pay the state license tax for the years 1914 and 1915. Thereupon, on the 6th day of October, 1915, the court sustained the application of the said Perkins and Carter to be made parties, and overruled the objection to the revivor and motion to dismiss of the defendant. The defendant, on October 11, 1915, then asked leave to file a supplemental answer, showing the failure of the Glen Lumber Company to pay said license tax for the years 1913, 1914, and 1915, which application was overruled. The cause was tried on the 13th day of October, 1915, before a jury. The court ruled that the burden of proof was upon the defendant, and at the close of the plaintiff's evidence, the defendant asked leave to amend his answer. His request was denied, and the court sustained a demurrer to the evidence, and gave judgment for the plaintiff on the note. The case in due time was appealed to this court. Numerous assignments of error are made and argued to the court. These will be considered in the order presented. The first proposition goes to the action of the court in its ruling in permitting the receivers to be made parties, reviving the action in the name of the receivers, overruling the objections to the revivor, and in overruling the application of defendant to file a supplemental answer to allege the failure of the plaintiff corporation to pay the state license tax for the years 1913, 1914, and 1915. The theory of the defendant is that the plaintiff, being a foreign corporation, may not maintain its action, on account of its failure to pay the state license fees required by article 18, c. 72, Revised Laws of 1910.

Article 9 of chapter 15, Revised Laws of 1910, imposes certain requirements upon a class of foreign corporations seeking to do business within the state. Section 1335, being the first section of said article 9, requires foreign corporations, except those created solely for religious or charitable purposes, to file copies of their articles of incorporation with the Secretary of State before being permitted to do business in the state. Section 1336 provides for the appointment of agents. Section 1337 provides for a record of appointments. Section 1338 provides that contracts made without compliance are void. Section 1339 provides for the service of process upon such corporations. Section 1340 provides that such articles shall not apply wherever it would conflict with the powers of Congress or the federal laws with reference to interstate commerce. Then section 1341 is as follows:

"No foreign corporation, as above defined, which shall fail to comply with this article, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort."

All of the sections from 1335 to 1341, inclusive, referred to were enacted by the Legislature of 1909. The primary purpose of these sections was to require the appointment of service agents within the state and for service thereon. The fees required to be paid by section 1335 are the fees due the Secretary of State as specified in section 3253, Revised Laws of 1910, for the recording of the certified copy of the charter, or the articles of incorporation required to be filed. These sections were under consideration and upheld, in the case of Goodner Krumm Co. v. J. L. Owens Mfg. Co., 51 Okla. 376, 152 Pac. 86.

In 1910, the Legislature of this state enacted a law, imposing a corporation license tax upon both domestic and foreign corporations, providing a method of collection, requiring an annual statement, and providing a method for the collection of such taxes and a penalty for failure to comply with such law. This latter law comprises article 18, c. 72, Revised Laws of 1910. It is a taxing measure, the primary purpose of which is to raise revenue, being sections 7538 to 7549, inclusive, of said law. And while the tax is designated as fees, yet the license tax or fees imposed by said article is not, as just stated, the fees referred to in section 1335, supra. The failure to pay the fees provided by said article 18 of chapter 72 renders the offending corporations subject to the penalties provided for in said article, and not to the penalty referred to in section 1341, supra, imposed for failure to comply with the provisions of article 9, c. 15, Revised Laws of 1910, i. e., a denial of a right to maintain an action in the courts of the state. The contention of defendant upon this assignment is therefore not tenable.

The next contention of the defendant is that the court erred in placing the burden of proof on the defendant, and urges that the answer of the defendant is a denial of the execution of the note sued upon, that the verification thereof was waived by the plaintiff pleading thereto, and for that reason the burden should have been upon the plaintiff. We do not construe the answer to deny the execution and delivery of the note sued upon, nor to plead a special or escrow delivery. The defendant begins the second count of his answer with these words:

"For his second defense to the petition of the plaintiff, the defendant alleges and states: (1) That the note mentioned and set forth in plaintiff's petition was made and delivered to the plaintiff, the payee of said note, among other considerations, for the purchase price of a certain silo," etc.

This effectually disposes of the contention under this assignment.

The next assignment is that the court erred in refusing to allow the defendant to prove his defense. This assignment refers to the attempt, on the part of the defendant, to introduce a statement from one of the clerks working for the Glen Lumber Company to the defendant, to the effect that the plaintiff had charged him with stuff he did not get. The rule with reference to a statement by an agent is stated in 3 Enc. of Evidence, 643, as follows:

"The admissions and declarations, in order to be received as evidence against the corporation, must not relate to past events; they must have been made in the course of the transaction, so as to constitute a part of the res gestae."

And the record discloses that the statement sought to be introduced was made after the note had been executed, and is not shown to have been made by an agent while in the discharge of his duty as such. See, also, 16 Cyc. note 53, p. 1019, Id. note 57, p. 1020, and also Swenson v. Aultman, 14 Kan. 273, cited with approval in the . case of Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 Pac. 335.

It is next assigned as error that the court erred in receiving incompetent, irrelevant, and immaterial evidence on the part of the plaintiff, over the objection of defendant. This is predicated upon the introduction by the plaintiff of a carbon copy of the order for a silo, which, it is contended, is not a contract at all, but merely a statement, authorizing the plaintiff to procure two silos from the John Deere Plow Company, one for the plaintiff and one for his brother, A. C. Maston, for the reason that the said order is not signed by the Glen Lumber Company, and is therefore lacking in mutuality. The objection that the instrument is not admissible, being a copy, is not well taken, since both the defendant and A. C. Maston admitted their signatures to the paper; hence it is a duplicate original and not a copy. In R. C. L. vol. 10, § 351, p. 1149, it is said:

"The better view is that the different numbers or impressions of a writing produced by placing carbon paper between sheets of paper and writing upon the exposed surface are duplicate originals, of which any may be introduced in evidence without accounting for the nonproduction of the others."

This court, in the case of Reeves & Co. v. Martin, 20 Okla. 558, 94 Pac. 1058, has held substantially to the same effect. The objection on the ground of mutuality is overcome by the fact that it is conclusively shown that the order was accepted and acted upon by plaintiff, and that the silo therein ordered by the defendant was delivered and set up, and that the purchase price thereof was included in the note sued upon.

It is next assigned that the trial court erred in refusing leave to defendant to amend his answer in the course of the trial by alleging that the signature of defendant to the order was procured by fraud, when the evidence developed that the defendant had signed the order for the silo produced. The record before us, however, does not specify in what particulars the defendant desired to amend his answer or what particular fraud was sought to be set up. . In this part of the plea and the evidence supporting it defendant appears to be floundering, for under the plea of fraud as made he might have offered his evidence, since fraud that would vitiate the oral contract pleaded would also vitiate the written contract, by which he was surprised. The defendant testifies that certain of his stock to which he fed the ensilage for the two years following the erection of the silo were damaged. We think/ there is no competent evidence, however, that the damage alleged was due to the ensilage fed; there is certainly none that the defective ensilage was due to any defect in the silo itself. There is no evidence but what the silo was perfect in material and construction. The ensilage might have been injurious to the stock for many reasons—it might, so far as the record discloses, have been improper material, improperly put up or improperly fed. We, therefore, hold that there was no abuse of discretion in refusing the amendment. This court, in the case of Jones v. Kress & Co., 54 Okla. 194, 153 Pac. 655, held:

"The granting or refusing permission by the trial court to amend pleadings after the trial has commenced rests within the sound judicial discretion of the trial court, and his action thereon will not be reviewed here unless it is shown that he had abused that discretion."

See, also, Stevens v. Matthewson, 45 Kan. 594, 26 Pac. 38; Ft. Produce Co. v. S. W. G. & P. Co., 26 Okla. 13, 108 Pac. 386; Robinson & Co. v. Stiner, 26 Okla. 272, 109 Pac. 238.

Finding no error that would warrant a reversal, the cause is affirmed.

By the Court: It is so ordered.