## RUSSELL PRODUCTS CO. v. BAILEY.

No. 22270. Opinion Filed Dec. 6, 1932.

Rehearing Denied March 7, 1933.

Shirk, Danner & Phelps, Charles E. Earnheart, and Samuel O. Neff, for plaintiff in error.

Lillard, Wheeling & Gibbons, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county in favor of Clara Bailey, who was the plaintiff in the trial court, against Russell Products Company, a corporation, one of the defendants in the trial court. The action in the trial court was instituted against C. H. Russell, Willie Phillips, James Miller, and the Russell Products Company. At the beginning of the trial the plaintiff dismissed her action as to C. H. Russell, Willie Phillips, and James Miller, and proceeded to trial against the Russell Products Company. The jury returned a verdict in favor of the plaintiff and judgment was rendered thereon. From that judgment the Russell Products Company appealed to this court. Hereinafter the parties herein will be referred to as they appeared in the trial court.

The record shows that the plaintiff was hurrying from the sidewalk to a street car in the street for the purpose of boarding the street car when she was struck by an automobile which was owned and which was being driven by one Willie Phillips: that James Miller was riding in the car at the time of the injury, and that Willie Phillips and James Miller, at the time of the injury, were each employees of the defendant.

The record shows no negligence on the part of James Miller. As to whether or not the record shows negligence on the part of Willie Phillips, we express no opinion for the reason that the determination of the issue in this case requires no decision thereon and the decision of that question herein might affect the rights of the parties in an action between this plaintiff and Willie Phillips. Though the plaintiff's injury was caused by the negligence of Willie Phillips, the defendant is not responsible therefor, unless Willie Phillips, at the time of the injury, was acting within the scope of his employment by the defendant. That rule is so well established as to require the citation of no authority.

The plaintiff cites Kramer, Gdn., v. Nichols-Chandler Home Bldg. & Brokerage Co., 93 Okla. 227, 220 P. 338; Boling v. Asbridge, 84 Okla. 280, 203 P. 894, and other decisions to the same effect, but those were cases wherein the employer was the owner of a vehicle which was being operated by a servant at the time of the injury. The record in this case shows that the defendant was not the owner of the automobile which was being driven by Willie Phillips at the time of the injury; that that automobile belonged to Willie Phillips, and that he was using it as a means of transportation to his place of employment with the defendant.

In her brief the plaintiff says:

"While we are not contending in the case at bar that the Russell Products Company was the owner of the automobile that was driven by Willie Phillips at the time of the accident, we do contend, and the evidence bears us out, that Willie Phillips was driving that car under the express orders of the master and doing exactly what he had been told to do by the master at the time of the accident."

An examination of the record discloses that it does not support that contention and that there was no competent evidence reasonably tending to support it. The competent evidence shown by the record was to the contrary.

The plaintiff attempted to show that Willie Phillips was acting within the scope of his employment by the defendant at the time of the injury by showing that C. H. Russell and James Miller testified to that effect at a proceeding in a city police court in which Willie Phillips was being tried for violation of a city ordinance, and she offered no evidence in support of her contention other than that of witnesses who testified that they heard C. H. Russell and James Miller make those statements at that hearing. The testimony of those witnesses as to what they heard C. H. Russell and James Miller state at the trial of Willie Phillips in the police court was hearsay.

The true rule was quoted by this court in Maston v. Glen Lumber Co., 65 Okla. 80, 163 P. 128, from 3 Enc. of Evidence 643, as follows:

" 'The admissions and declarations, in order to be received as evidence against the corporation, must not relate to past events; they must have been made in the course of the transaction, so as to constitute a part of the res gestae'."

Therein this court said:

"And the record discloses that the statement sought to be introduced was made after the note had been executed, and is not shown to have been made by an agent while in the discharge of his duty as such. See, also, 16 Cyc. note 53, P. 1019, Id. note 57, p. 1020, and also Swenson v. Aultman, 14 Kan. 273, cited with approval in the case of Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 P. 335."

That rule is general. As stated in Chamberlayne on Evidence, under the heading of "Admissions by Agents," the statements of both general and special agents are subject to the application of the rules in reference to the exclusion of declarations which do not form part of the res gestae or which are merely narrative. Narrative statements of an agent are rejected under the substantive law because it is no part of his agency to talk about his principal's affairs. In other words, the narrative statement of an agent as to past transactions, even those not long past, is excluded. As a matter in the law of agency, it may be said that a principal engages an agent to do his business, not to gossip or talk about it after it is done.

He is not in general required or authorized by the terms of his agency to discuss, post factum, his principal's conduct or affairs, especially his legal rights or liabilities. That rule applies even where the statement is made by an agent as a witness in court. In support of the statement there was cited by the author the decision of the Supreme Court of South Carolina in Salley v. Manchester & A. R. Co., 40 S. E. 111, wherein it was held to be error to allow a witness of a plaintiff to repeat in part the testimony of an agent of the defendant, given at a former trial, containing admissions against the defendant. There was also cited the decision in S. Jacobs Bernheim & Co. v. Cumby & James, 1 Tex. App. Civ. Cas. 586. The rule is stated in 1 Greenleaf on Evidence, sec. 113, and is quoted in Swenson v. Aultman, Miller & Co., 14 Kan. 273, as follows:

"It is a general rule that the declarations of an agent in order to bind his principal must not only come within the scope of the agent's authority, but they must also be made by the agent while he is transacting his principal's business, and be connected therewith as a part of the res gestae: 1 Greenl. Ev., sec. 113; Story on Agency, secs. 134, 135, 136; Paley on Agency, 256, 257; U. S. Express Co. v. Anthony, 5 Kan. 490."

The rule has been followed by this court in Maston v. Glen Lumber Co., supra, and Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 P. 333. In that case this court said:

"Admissions of an agent, in order to be admissible against the principal, must be made as agent, and while he is acting for the principal within his authority; and it must first be shown by competent evidence that such admissions were made in and as a part of the agent's performance of his duties and within the scope of his authority."

In Gillespie v. First Nat. Bank of Kingfisher, 20 Okla. 768, 95 P. 220, this court stated the rule to be as follows:

"Declarations and admissions of the officers and agents of a corporation may be proved against the corporation as part of the res gestae when the same are made during the agency of such officer or agent making such declarations or admissions, and when the same are in regard to a transaction depending at the very time, but they cannot be admitted if made as a narrative of a past act subsequent to the transaction"

—and held that the evidence was insufficient for the reason that the statement made by the cashier of a bank with reference to the ownership of the note was not a part of the res gestae of the transaction by which the bank became the owner of the note. We quote from Thompson on Corporations, section 1639, as follows:

"It follows from the principle that the declarations of an agent are binding upon his principal only when made while the agent is engaged in the business in reference to which the statement is made, and while acting within the scope of his authority, that the corporation is not bound by declarations made by its officers or agents while on the witness stand. The reason is that the officer or agent while testifying is not acting for the corporation but is speaking for himself individually."

The rule is stated in Jones Commentaries on Evidence, sec. 357, and in many other authorities. We find no authority to the contrary.

The plaintiff cites Oklahoma State Bank v. Airington, 68 Okla. 160, 172 P. 462. Therein this court pointed out the rule and said:

"The case at bar is not ruled by the principle announced in Gillespie v. First National Bank, 20 Okla. 768, 95 P. 220. In that case, in an endeavor to support a denial of the claim of the bank that it held the note bona fide, the defendant offered to prove by Boland, one of the defendants, that in two conversations he had with the

cashier of the plaintiff bank such cashier made statements which tended to show that the bank was not such holder in due course. In that case Boland was not entitled to the information he sought in relation to a past transaction, and the cashier of the bank, whilst authorized to give such information in a proper case, was not required or authorized to give it to Boland. In these circumstances, the court very properly excluded the evidence as mere gossip or hearsay. The applicable principle in that case is that, whilst the agent may have authority to transact the business of his principal and make statements in relation thereto while so engaged, after the business is ended he is without authority to gossip about it, and thereby bind his principal."

The evidence upon which the plaintiff relies in this case consisted of the repetition of statements said to have been made by C. H. Russell and James Miller which were nothing more than gossip about a prior transaction, and, though they were made in court, they are not binding upon this defendant. In the language of the Supreme Court of Missouri in Bangs Milling Co. v. Burns, 53 S. W. 923:

"Neither the bank nor Calvin F. Burns was a party to the issues on trial in that case, and the statements then made by him, if any, detrimental to the present contention of the interpleader, for the bank, could not be said to have been made by him as agent for the bank, but in answer to the compulsory process of the court that required his presence and commanded his answers. Neither the voluntary statement of an agent or officer of a corporation acting outside of and beyond the duties of his agency, nor those exacted and not afterwards ratified by the corporation, can be held and treated as declarations or admissions binding upon the corporation in a suit afterwards between the corporation and a stranger. The actions of the trial court in refusing to permit the transcript of the testimony of Calvin F. Burns taken in the Bowersock Case to be read in this case was proper, and appellant's complaint on account thereof is not well made."

We are not concerned herein with the cases dealing with apparent scope of authority. The nature of the case does not permit of their application. The plaintiff was injured. She sought to hold the defendant responsible therefor, and in order to do so she sought the application of the rule of respondeat superior. Thereby she was required to show the scope of the employment of Willie Phillips. She offered no testimony as to the scope of that employment. She offered only the testimony of witnesses who said that they had heard C. H. Russell and James Miller make statements as to the scope of the employment of Willie Phillips. The jury was authorized to believe that testimony and to conclude that James Miller and C. H. Russell had made those statements, but the jury was not authorized to find therefrom that the scope of the employment of Willie Phillips was that stated by James Miller and C. H. Russell in their narratives as to a past transaction. When that testimony is excluded there is nothing in the record to show that Willie Phillips was acting within the scope of any employment by the defendant at the time of the injury of the plaintiff. The verdict of the jury and the judgment of the trial court are contrary to the evidence. There is no evidence to support them and they must be vacated.

The plaintiff, in her brief, asks:

"If the president and general manager who has supervision of the employees, cannot give information as to the duties and acts of an employee of a corporation, if he cannot tell what a person was doing at a particular time, in such a way as to be binding on the corporation, then to whom would one go for such information?"

The answer to the question is that the president and general manager may be placed upon the witness stand and required to testify under oath. That was not done in this case. The plaintiff did not put the president and general manager of this corporation upon the witness stand. She did not offer their testimony. She sought only to show what they had said at another hearing. The testimony which she offered was not binding upon the defendant. A corporation may not be required to answer for an injury sustained until it is shown that that injury was caused by the act of a servant or agent who was acting at the time within the scope of his authority. The way to prove the scope of an agent's authority is to put witnesses on the stand who know the facts and to require them to testify as to those facts. It is not permissible to put on witnesses to prove statements made by officers and agents of a corporation, which testimony amounts to nothing more than hearsay evidence.

The defendant demurred to the evidence of the plaintiff at the conclusion thereof and preserved its objection to the overruling thereof by moving for a directed verdict at the conclusion of all the evidence. There was error in overruling the demurrer of the defendant to the evidence of the plaintiff.

The judgment of the trial court is reversed, and the cause is remanded to that court, with directions to grant a new trial under the rules herein announced.

LESTER, C. J., and RILEY, HEFNER. CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.