### CARTER, State Auditor, v. CARL MERVELDT & SON et al.
No. 26903. March 8, 1938.
Rehearing Denied June 14, 1938.

Mac Q. Williamson, Atty. Gen., Houston E. Hill, Asst. Atty. Gen., and Hall & Thompson, for plaintiff in error.

W. P. Morrison and J. A. Rinehart, for defendants in error.

BAYLESS, V. C. J. Carl Merveldt & Son, a copartnership, instituted an action in the district court of Custer county, Okla., against Joe Biggs and others to recover a money judgment, and caused a garnishment summons to be issued against the state of Oklahoma, duly served upon Frank Carter, State Auditor, to reach a debt supposed to be owing by the state of Oklahoma to Joe Biggs.

Plaintiff recovered judgment against Joe Biggs, and thereafter the garnishment issue was tried.

We desire to set out a history of the issue involved, and in so doing we will state

matters as though they are conclusively in evidence, although Carter contends otherwise and objects to certain legal arguments made on what he calls assumed facts.

Joe Biggs obtained a contract from the Highway Commission to do certain work in Dewey county, Okla., for an agreed price of $17.986.34. As a condition; he obtained from Union Indemnity Company a bond to the state of Oklahoma, as required by section 10983. O. S. 1931. Biggs began work on the project and from time to time was paid portions of the contract price upon estimates of completion, but on each estimate 10 per cent. of the amount was withheld until the final completion and approval of the work done. September 13th, before the road contract was completed, Union Indemnity Company took an assignment from Biggs of the money owing, or to be owing to him, under the contract. September 27th Biggs had completed the contract, and there was owing to him in all $4.571.53. August 11th this action was commenced, and the garnishee summons was served October 5th. Carter answered for the state October 29th, stating (1) nothing owing; and (2) that he would hold the warrant issued in payment of the claim, subject to the further orders of the court. November 3rd. Biggs filed a claim for the amount with the Highway Commission, which claim bore an indorsement of the assignment. November 17th plaintiff served upon Carter a notice that it took issue with his answer as such garnishee. November 22nd the claim was approved by the Highway Commission. filed with the State Auditor, and warrant issued to Union Indemnity Company pursuant to said assignment. After judgment was taken in the main case, the matter came on for hearing upon the issue between plaintiff and garnishee. The trial court sustained the validity of the garnishment proceedings and rendered judgment against "Frank Carter, as State Auditor of the State of Oklahoma and Garnishee Defendant," with interest, and further ordered said Carter to pay the judgment sum to the clerk of the court.

Carter presents four propositions, viz.: (1) The judgment is not sustained by the evidence; (2) the judgment is contrary to law; (3) error in excluding from the evidence the copy of the assignment; and (4) error in overruling motion for new trial on the ground of newly discovered evidence.

Plaintiff argues six propositions. The first four of these relate to the special protection afforded laborers and materialmen under the bonds given in pursuance of statutes, and the priority and preferred status of laborers and materialmen with respect to the funds due on the contract. No 5 relates to the form of judgment to be taken in sustaining a garnishment against the state. No. 6 relates to the duty of the State Auditor under the facts in this case.

At the threshold we are met by Carter's insistent contention, in his reply brief, that plaintiff is not in a position to raise any issues of law relating to the contractual relation between it and Biggs and Union Indemnity Company; Carter insists that the only portion of the record brought up to us is that concerning the trial of the garnishment issue, and that this portion of the record does not contain evidence regarding this relationship. In other words, he insists that plaintiff must relate to us facts not disclosed by this record. facts assumed in so far as the record before us shows, in order to present the law involved in assignments 1-6. Taking the pleadings, the evidence, oral and written, and the statements of counsel during the trial on the garnishee issue, we must conclude that a sufficient showing was made to give any court a substantial understanding of these relationships between plaintiff Biggs and Union Indemnity Company. It will not profit us to discuss this further. It is certain that the exhibits which Carter offered in evidence, which were rejected, and for which reason he seeks a reversal of this judgment. disclose this relationship in detail. Therefore, it would seem that if we reverse this judgment for the alleged error of refusing to admit such exhibits in evidence. we will but prepare the way for ultimately defeating him on the proposition of law presented by plaintiff, if it is correct.

This is a perplexing problem. Under our holding in the case of Helms v. Mifflin, 137 Okla. 55, 280 P. 416, the amount with which a public garnishee is to be charged is the amount owing on the date of the service of the garnishee summons. Therefore, all that ever would become due on this contract was due and owing when the garnishee summons was served. The main question in controversy between these parties is, Who was the money owing to when this summons was served?

Carter seeks to defend against any liability on the part of the state of Oklahoma to Joe Biggs on that date because of the assignment. It is clear under Jacobs v. Col-

cord, 136 Okla. 158, 275 P. 649, that a prior assignment effectually forestalls a garnishment. See, also, Market National Bank v. Raspberry, 34 Okla. 243, 124 P. 758, and Hockaday & Co. v. Randolph, 178 Okla 234, 62 P.2d 628, and the authorities cited therein. In other words, if the debtor assigns before the garnishee summons is served, the creditor attaches nothing.

On the other hand, plaintiff asserts that the purported assignment is invalid as against public policy. Plaintiff contends that Union. Indemnity Company having undertaken to protect laborers and materialmen, it cannot then take an assignment of the fund, from which they are to be paid, to their prejudice. To follow plaintiff's argument, the bonding company required by law to protect them from the defalcations of Biggs is here in court actively competing with them for possession of the funds from which they should be paid. At this point, it may be well to state that the bonding company became insolvent soon after receiving the warrant from Carter, and from that time forward there was no protection, by the bond, to plaintiff and those similarly situated.

With this view of the facts, let us examine into the trial. Carter did not have the original assignment, but he did have a properly identified carbon duplicate thereof. It was identified and authenticated in all respects. He offered it in evidence, and it was excluded upon plaintiff's objection that it was not the best evidence. Under Maston v. Glen Lumber Co., 65 Okla. 80, 163 P. 128, this was error. This duplicate original was admissible in evidence (U. S. Fire Insurance Co v. L. G. Adams Merc. Co., 117 Okla. 73, 245 P. 885; Anglo-Texas Oil Co v. Manatt, 125 Okla. 92, 256 P. 740, and Great American Life Insurance Co. v. Stephenson, 176 Okla. 295, 55 P.2d 56), and its exclusion deprived Carter of evidence of his defense that on the date of the service the state of Oklahoma was not indebted to Biggs, but on the contrary was indebted to his assignee, Union Indemnity Company.

At that time plaintiff had two potential objections to the assignments. He could object to its admissibility in evidence because of its lack of evidentiary character. If it was admitted in evidence over his objection, he could then attack its probative value and assert that it was invalid and therefore no legal excuse for paying the money to the assignee. However, the trial court did not admit it over plaintiff's objection, but excluded it. Therefore, plaintiff prevented the assertion of the other objection. Since it was not admitted, we do not know what showing Carter could have made in defense of this attack, and in support of the validity of the assignment. Therefore, to argue in this appeal that the assignment was invalid as contrary to public policy is to raise an issue really not before us. There is a rule of law which authorizes the court in some instances to affirm a ruling of a trial court which is erroneous upon the reason assigned but sustainable upon another reason. However, we feel that we ought not to apply such rule here by considering the alleged invalidity to the assignment. Since it was not admitted in evidence, and therefore cannot be supported by other evidence which Carter may have had, we cannot properly judge the issue.

We, therefore, hold that the trial court committed error in excluding the exhibit offered in evidence, and with this defense denied to Carter, we feel that it would be useless to attempt to pass upon the other propositions of law contained in the briefs. The rules of law we might wish to apply might not be justified in the light of the complete record.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein. Reversed and remanded, with directions.

OSBORN. C. J., and RILEY, CORN, and DAVISON, JJ., concur.