## ANGLO-TEXAS OIL CO. v. MANATT et al.

No. 16894.   Opinion Filed Oct. 12, 1926.

Rehearing Denied June 7, 1927.

(Syllabus.)

1. **Pleading—Issues and Proof — Evidence not Constituting Variance.**

The evidence in a case must correspond with the allegations of the pleadings, and be confined to that point, or points, in issue. Evidence complained of in the instant case does not constitute a variance or change of theory from that alleged.

2. **Appeal and Error—Harmless Error—Admission of Evidence—Subsequent Withdrawal with Instruction to Jury to Disregard.**

The error of admitting improper evidence over the objection of opposing counsel is cured by its subsequent withdrawal before the trial closes and by an instruction to the jury to disregard it, unless the evidence, thus admitted, is so impressive that in the opinion of the appellate court its effect is not removed from the minds of the jury by its subsequent withdrawal.

3. **Evidence—Carbon Copy of Letter as Primary Evidence.**

A carbon impression of a letter written on a typewriter, made by the same stroke of the keys as the companion impression, is an "original." Either impression is primary evidence of the contents of the letter, and notice to produce the original mailed letter in order to introduce one of the retained copies in evidence is not necessary.

4. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict—Modification of Judgment as to Item of Recovery Unsupported by Evidence.**

In an action to recover for personal and professional services, which is submitted to

a jury upon proper instructions as to the law, applicable to the facts in the case, and where there is competent evidence reasonably tending to support the verdict, the same will not be disturbed by this court on appeal, but where there is no competent evidence to support one item upon which judgment is rendered, the judgment will be reduced and modified to this extent.

Error from District Court, Tulsa County; E. R. McNeill, Judge.

Action by Guy S. Manatt and George L. Hess, as partners, against Anglo-Texas Oil Company, a corporation, to recover for personal and professional services rendered to the defendant company. From a judgment in favor of plaintiffs, the defendant brings error. Modified and affirmed.

A. J. Biddison, Harry Campbell, R. W. Kellough, and R. Y. Stevenson for plaintiff in error.

Joe W. Simpson, Luther P. Lane, and Guy S. Manatt, for defendants in error.

MASON, J. The defendants in error, hereafter referred to as plaintiffs, commenced this action against the plaintiff in error, hereinafter referred to as the defendant company, to recover the reasonable value of personal and professional services rendered for the defendant company at its special instance and request. Said services consisted of preparing and furnishing certain appraisal and depletion reports upon oil and gas properties of defendant and the rendering of other services with reference to said property between October 1, 1921, and June 12, 1922, by virtue of which it was alleged the defendant was indebted to plaintiffs for the reasonable value thereof in the sum of $5,960.53. An itemized statement was attached to the plaintiffs' petition.

The defendant filed answer consisting of a general denial and an admission that plaintiffs had been employed by the defendant to make certain depletion reports for federal income tax purposes upon their representation that they were specially capable and skilled in such work. Defendant further alleged that plaintiffs did not possess any special or professional skill, ability, or efficiency in making such reports, and that said services were wholly worthless and the defendant received no benefit from the work or efforts of plaintiffs.

Upon trial of the issues thus joined, the jury returned its verdict in favor of the plaintiffs for the full amount sued for, upon which the trial court rendered judgment. The defendant company has duly perfected its appeal to this court.

The record discloses that said services were performed in New York City and several places in both Oklahoma and Arkansas, that the trial of the case in the lower court consumed some seven or eight days; that a large volume of documentary evidence was introduced, including long technical reports of various kinds and letters and communications between the parties.

The trial court, over the objection of the defendant, permitted the plaintiffs to introduce in evidence Exhibit No. 13, being a carbon copy of a letter mailed by the plaintiff, George L. Hess, to the president of the defendant company in which many things relating to the work of plaintiffs were discussed, and which contained the following:

"I shall charge your company the same price per day I have always charged in the past, viz., $100.00 per day, for each and every day I work for you, and you to pay my expenses in addition. I wish to have this understood so there can be no misunderstanding. However, I could safely assume that you understood this, but it will do no harm to have it definitely settled. Here as over in Oklahoma, you will be charged for each day's work done, and as I have always done over there the actual time I charge for will not be much over one-half the actual time. There are always many little things to be done, that take time to do but would have to add several of them together to make a day of it. If these terms do not meet your approval, I shall expect you to say so."

Thereafter, the court, over the objection of the defendant, permitted the plaintiff Hess to testify to a conversation he had with Mr. Johnson, who at that time was president of defendant company, as follows:

"Q. Mr. Hess, at any time after you had completed any portion of the work for the Anglo-Texas Oil Company, did you and any of the officers discuss the amount due you by reason of that work? * * *

"A. I did.

"Q. What officer of the company was it, please, sir?

"A. Loomis C. Johnson, president of the company.

"Q. Can you, please, sir, tell the jury about the date of that conversation?

"A. Yes, sir: it was on January 9, 1922.

"Q. I wish you would please tell the jury where that conversation took place?

"A. In Youree Hotel at Shreveport, Louisiana.

"Q. Now, then, just please tell the jury what Loomis C. Johnson stated at the time, if anything, with reference to the services? * * *

"A. I asked Johnson if he had received my letter of the 22d of December, and he said he had. I asked him if what I said in there about services and payment therefor was satisfactory, and he said, 'Yes, of course.' * * *

"A. I said, 'Do you know I am charging $100 a day and expenses while down here?' And he replied that he knew that, and wanted to know if I wasn't satisfied with it."

Counsel for plaintiff in error contend that the trial court committed reversible error in admitting said letter and said evidence, for the reason that plaintiffs' suit was not brought on the theory of an agreed compensation, but to recover the reasonable value of such services.

The rule is well settled that plaintiff cannot allege one cause of action, and prove another. If such variances were tolerated, the defendant, irrespective of how diligent he may be, could not so prepare his defense as to meet surprises. 13 Corpus Juris, 751; Newby v. Myers (Kan.) 24 Pac. 971; Kingman, P. & W. R. Co. v. Quinn (Kan.) 25 Pac. 1068; Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117; El Reno Wholesale Grocery Co. v. Keen, 93 Okla. 198, 220 Pac. 653.

An examination of the record, however, discloses that the plaintiffs were not attempting to change the theory of their case, and that the trial court limited said proof to recovery on a quantum meruit basis. Before the evidence complained of was admitted, the court made the following statement:

"Bear in mind it is only for the purpose, not of establishing any contract or agreement, but only in reference to being one of the circumstances showing the reasonableness of the service, and for that purpose alone it is being admitted."

It appears that the plaintiffs and the trial court both took the position that such evidence was admissible for the purpose of, and was limited to showing the defendant's opinion as to the value of the services which plaintiffs had performed. This is also borne out by the court's instructions to the jury wherein the jury was told not to consider whether or not there was any agreement as to what amount was to be paid for such services, but that the jury was to determine only what was a fair and reasonable compensation for such services. The same is also true of the portion of the letter above complained of.

In addition to that, however, the record discloses that said letter was not admitted at the time it was offered, although the court later made an order admitting it in evidence, but finally withdrew the same from the consideration of the jury.

Under the general rule, the error in admitting evidence, though improper, is cured by the court withdrawing the same and instructing the jury not to consider it. The practice, however, of admitting improper evidence with the promise or expectation of subsequently directing the jury not to consider it, or controlling it by the charge, is not to be encouraged, as we are all aware of the frailties of the human mind, and we know that, while testimony may be ordered stricken by the court. the impression it makes cannot be obliterated from the minds of the jurors. And where the evidence thus admitted bears upon the vital issues in the case, and is so impressive that in the opinion of the appellate court its effect is not removed from the minds of the jury by its subsequent withdrawal, or by the court's instructions to disregard it, the judgment will be reversed on account of its erroneous admission, and a new trial will be granted, as this constitutes the exception to the general rule. Armour & Co. v. Lollmeyer, 161 Fed. 78: New Morgan County Building & Loan Ass'n v. Plemmons (Ala.) 97 South. 46; G., C. & Santa Fe Railway Co. v. Levy, 59 Tex. 542, 46 Am. Rep. 269; Shay v. Horr (Wash.) 139 Pac. 604; Foster v. Shepherd (Ill.) 101 N. E. 411.

Counsel insist that the introduction of said letter (Exhibit No. 13) in evidence brings the case within the exception to the general rule, and especially so inasmuch as the verdict awarded plaintiffs the entire amount sued for.

There might be some merit in such contention, but the record does not disclose that said exhibit was ever read to the jury. We, therefore, fail to see how the jury could be influenced thereby.

It is next urged that the trial court committed reversible error in overruling defendant's motion for a continuance made during the trial and immediately after the foregoing evidence was admitted. This assignment is based upon the contention that the introduction of such evidence constituted a variance. We have just held to the contrary and, therefore, we must conclude said motion was properly overruled.

It is next urged that the trial court erred in admitting, in evidence, carbon copies of letters and telegrams sent by the plaintiff Hess to the defendant company. The record discloses that plaintiff demanded, in open court, the original of said exhibits, but de-

fendant insisted that such demand was not sufficient, under section 634, Compiled Oklahoma Statutes, 1921. The only evidence of defendant relative thereto was that the originals must be in the New York office, as the witness knew nothing of them. Counsel further contend that the carbon copies were not admissible until the failure to produce the originals was accounted for.

We are not unmindful of the cases and textbooks that support such contention, but we are committed to the rule as announced in United States Fire Ins. Co. v. L. G. Adams Merc. Co., 117 Okla. 73, 245 Pac. 885. The syllabus in said case provides:

"A carbon impression of a letter written on a typewriter, made by the same stroke of the keys as the companion impression, is an 'original.' Either impression is primary evidence of the contents of the letter, and notice to produce the original mailed letter in order to introduce one of the retained copies in evidence is not necessary."

"When a letter is sent out by post and mailed, properly audressed, the presumption of its receipt by the party to whom it is addressed arises, and this prima facie presumption of delivery remains until overcome by contradictory evidence."

The evidence in the instant case is sufficient to bring said exhibits within the foregoing rule.

It is next urged that the trial court erred in submitting to the jury the item of $700 claimed by plaintiffs for a trip to New York to see Mr. Johnson, the president of the defendant company, for the reason that there is no testimony tending to support this item.

It appears from the record that about the time the plaintiffs were employed by the defendant company, the plaintiff Hess made a trip from Oklahoma to New York City to see Mr. Johnson relative to said employment, and that said trip was made at Mr. Johnson's request. It also appears that the defendant paid the expenses of said trip. From the time Mr. Hess left Oklahoma until he returned consumed seven days and in his itemized statement he claimed $100 per day, or $700, which was allowed in full by the jury.

Mr. Hess testified that, to help them out, he had volunteered to make the trip to New York City, but that, when he was leaving, Mr. Johnson stated that a short time before the company had paid an attorney who came from Oklahoma $100 per day and that his services had not been as beneficial as those of Mr. Hess, and that he then asked Hess

to make the same charge. Hess then testified he said he would take the matter under advisement and, if the company were prompt in the future in paying its obligations, he would not make the charge. We are of the opinion that it was insufficient to bind the company and the court erred in submitting the item to the jury and in rendering judgment thereon.

The evidence was conflicting as to the value of the services of plaintiffs and as to the qualifications of the plaintiff Hess, who rendered all the services sued for, and the jury having found the issues in favor of the plaintiffs, the same, under the well-established rule of the court, will not be disturbed. Hess detailed to the jury how the work was performed; he related his educational qualifications, his actual experience, the schools he had attended, his preparation, and told the jury, item by item, of just what his work had consisted, how he had appraised the property, how, in his opinion, he had saved the company approximately 20,000 barrels of oil by a treating process which he instituted, how he had supervised the erection and construction of air plants, made geological surveys, of the different improvements he had suggested in the management of the corporation's affairs and reports with reference to the condition of the company, as well as many other things. It was also shown that different large oil corporations sought his services whenever they were considering the installation of new systems of treating and saving oil.

From the record herein we conclude that the jury was justified in finding that the plaintiff Hess possessed professional skill, ability, and efficiency, and that his services were reasonably worth the amount alleged in the petition, except for the charge of $700 for the trip to New York.

The judgment of the trial court is reduced in the amount of $700, and, as modified, is affirmed.

NICHOLSON, C. J., and PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note—See under (1) 13 C. J. p. 750, §909 (Anno): 31 Cyc. p. 680; 40 Cyc. p. 2849. (2) 4 C. J. p. 990, §2973: 2 R. C. L. p. 252; 1 R. C. L. Supp. p. 477; 4 R. C. L. Supp. p. 98: 5 R. C. L. Supp. p. 88. (3) 22 C. J. p. 1024, §1314: p. 1061, §1361: 10 R. C. L. p. 999. (4) 4 C. J. p. 851, §2834: p. 1158, §3170; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.