STATE ex rel. CITY OF ARDMORE et al. v. MOCK et ux.

No. 31567. Feb. 6, 1945.

Rehearing Denied March 20, 1945.

*156 P. 2d 802.*

of 232.56 acres, which was a part of a ranch of some 1,474 acres owned by them. The appraisers assessed their damages at $9,220. They filed a demand for a jury trial on the question of the amount of their damages. The case was tried before a jury on March 23, 1943, resulting in a verdict for $15,000, of which $11,000 was for the value of the land taken and $4,000 was for damage to the remainder of the ranch. From a judgment entered on the verdict, the city appeals.

Mr. and Mrs. Mock claim that the damage to their land not taken was caused by the fact that water was diverted to such land by the way the airfield was constructed, causing some 200 acres of their best land to be flooded and practically ruined, that airplanes taking off from and landing on the airfield fly so low as to scare their cattle and prevent them from putting on weight, and that as a result their ranch, on which there were several silos and buildings and improvements sufficient to feed and care for as many as 1,000 head of cattle, depreciated greatly in value. The witnesses for the defendants testified that the fair market value of the land taken at the time it was taken was from $45 to $60 per acre, and that the value of the land not taken before the airport was built was from $50 to $65 per acre, and that it depreciated in value about 50% by reason of the construction and operation of the airport. The witnesses for the city testified that the value of the land taken was $40 per acre, but they gave no opinion as to the value of the land not taken or the depreciation in value of such land because of the construction and operation of the airport.

J. B. Moore, of Ardmore, for plaintiffs in error.

Sigler & Jackson, Geo. N. Otey, R. Rhys Evans, and Champion & Champion, all of Ardmore, for defendants in error.

HURST, V.C.J. This case grows out of the same cause as State v. Winters, 195 Okla. 243, 156 P. 2d 798. C. F. Mock and wife owned tract No. 3, consisting

1. The city first argues that the trial court committed error in receiving evidence of acts done by the Government in diverting the water across the land not taken in constructing the airport, and in keeping their cattle scared and excited by the constant starting and landing of airplanes and in flying them low. The city contends that it is not liable for the acts of the Government

after it surrendered possession of the condemned land. A similar contention was made in the companion case, above, and was disposed of adversely to the contention of the city. We have considered the authorities cited in the instant case in connection with our discussion of the question in that case. Our decision on the point there is controlling here.

2. The city contends that error was committed in the admission of evidence that the Government intended to build a control station for airplanes on the airport. But an examination of the record discloses that the evidence complained of was, on motion of the city, stricken, and the jury was admonished not to consider it. The evidence was not on a vital issue, and the instruction to disregard it cured the error, if any, in its admission. Spillers v. Missouri, Kansas & Oklahoma Coach Lines, 184 Okla. 507, 88 P. 2d 642.

3. The city contends that instructions Nos. 2 and 5 are erroneous. By instruction No. 2 the jury was told that the city has the right to condemn private property for public use, but that it is required to pay all damages arising from the exercise of the right. Instruction No. 5 is as follows:

"In determining the damages or depreciation to the remaining property you should take into consideration the nature of the property, the purpose for which it is used and any other elements of damage or depreciation which would detract from the actual value of said property. After you have determined the value of the property taken and the damage, if any, to the property remaining, you should then render your verdict for the defendants accordingly."

When these instructions are considered in connection with instructions Nos. 3 and 4, which defined the measure of damages in accordance with our decisions (See State v. Adams, 187 Okla. 673, 105 P. 2d 416; City of Tulsa v. Creekmore, 167 Okla. 298, 29 P. 2d 101), we think the jury was properly instructed.

4. The city contends that the court committed error in excluding oral evidence offered by it while cross-examining Mock as to what he paid for the ranch a short time before the condemnation proceeding was filed. The deed, dated April 28, 1942, under which Mock took title to the ranch, and reciting a consideration of $30,000, or slightly more than $20 per acre, was introduced in evidence. The city made no offer of proof as to the actual consideration paid or that the consideration recited in the deed was not the true consideration. While this oral evidence was probably admissible (City of Tulsa v. Horwitz, 131 Okla. 63, 267 P. 852), we think under the circumstances its exclusion is not shown to have been prejudicial to the rights of the city. See authorities below.

5. The city finally argues that the verdict was excessive. We do not agree. The competent evidence would have justified a larger verdict.

We conclude that the city has failed to sustain the burden imposed upon it of pointing out wherein the admission or exclusion of the evidence referred to or the giving of said instructions probably resulted in a miscarriage of justice or constituted a substantial violation of a constitutional or statutory right so as to constitute reversible error. 12 O.S. 1941 §§ 78, 636; 22 O.S. 1941 §1068; Grooms v. Johnson, 192 Okla. 527, 138 P. 2d 98; Byrd v. McKoy, 183 Okla. 209, 81 P. 2d 315; Mid-Continent Petroleum Corp. v. Fisher, 183 Okla. 638, 84 P. 2d 22.

Affirmed.

GIBSON, C.J., and RILEY, OSBORN, CORN, and ARNOLD, JJ., concur. WELCH and DAVISON, JJ., dissent.

WELCH, J. (dissenting). The effect of the decision is to award money damages to this landowner for the appearance over his land of Army airplanes and for the noises emanating therefrom, and for alleged flood damage caused by the manner in which the Government

graded the grounds and constructed its runways. The airport and the airplanes are used by the Government in the present war. And such so-called land damage is awarded against the taxpayers of the city of Ardmore. I respectfully, but insistently, dissent.

It is true that not all of the damage awarded is of that character, but the above is the effect of the decision on that point by approving the admission of evidence upon the items of damage above set out.

The opinion points out that the city is lessor of a portion of the ground upon which the Government constructed and now operates its airport, but even so, I find no applicable rule which would tax against the citizens of Ardmore a damage, if there was any in fact, caused by our Government in the operation of airplanes in the war effort.