**OKLAHOMA TURNPIKE AUTHORITY,**
Plaintiff In Error,

v.

**J. R. MARTIN and Pauline Martin, husband
and wife, and Federal Land Bank of Wichi-
ta, Wichita, Kansas, Defendants In Error.**

No. 40806.

Supreme Court of Oklahoma.

May 7, 1968.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for plaintiff in error.

Berry & Berry, Oklahoma City, Morton Y. Loar, Oklahoma City, for defendants in error.

DAVISON, Justice.

This is an appeal by Oklahoma Turnpike Authority (plaintiff below) from a judgment rendered on jury verdict awarding to J. R. Martin, Pauline Martin and Federal Land Bank (defendants below), damages for the taking of land in eminent domain proceedings.

Plaintiff instituted the proceedings for the purpose of acquiring 4.78 acres, for turnpike purposes, in the southeast corner of the Martin's 240 acre farm. Commissioners were appointed and they awarded $10,500 to defendants for the value of the land taken and injury and damages to the remainder of the real estate. Both plaintiff and defendants filed objections to the award and demanded a jury trial. The jury returned a verdict in favor of defendants for $15,500.

Defendants' evidence established that there was a deposit of gravel within the area of the 4.78 acres which was suitable for road improvement and construction purposes. Defendants' evidence further established the size or quantity of the deposit, the amount ordinarily paid per ton unit, and the then existing demand for the material. The defendant J. R. Martin testified that the market value of his property on the date of taking was $40,000, and was worth $25,000 after the taking, or a difference of $15,000. Defendants' expert witness in response to similar questions fixed a value of $45,000 before the taking and a value of $29,500 after the taking or a difference of $15,500.

Plaintiff's expert witnesses placed the value before and after taking at $28,800 and $28,000, or a difference of $800; $18,000 and $17,761, or a difference of $239; and at $19,200 and $18,600, or a difference of $600. These appraisals did not take into consideration the presence of any gravel deposit.

In plaintiff's Propositions I and II the plaintiff complains the court erred in giving instructions 7 and 8 to the jury, on the ground that there was no evidence on which they could be based, and would allow the jury to give damages for mere inconvenience no different from that suffered by the public at large. It is urged that there was no evidence to justify the giving of Instructions 7 and 8 concerning the detrimental effect on the value of the remaining land as a result of inconvenience in the use thereof or by termination of pre-existing roads which affect access to the property. Plaintiff's argument includes both lack of evidence and erroneous instructions on the above propositions.

Our examination of the record discloses there is practically no evidence on these subjects. The jury did view the premises but there was little, if any, evidence for them to consider in connection therewith. However, under the facts in this case, we need not discuss this specific question further, because the plaintiff was not prejudiced by the instructions. Here, the issue was the amount of damage suffered by the defendants by reason of the taking of 4.78 acres. The jury was informed in another instruction that this could be arrived at by determining the difference in the fair market value of the property before the taking and the value of the property remaining after the taking. The defendants' evidence was limited to proof of the gravel deposit within the appropriated area and the consequent value of the entire property before the taking and the value of the remaining property. The estimate of this difference shown by defendants' evidence was either $15,000 or $15,500. Plaintiff's evidence on this ranged from $239 to $800. This was the only evidence of value presented and it is clear the jury accepted the defendants'

evidence as to these facts and figures. The only logical conclusion is that the jury's verdict was based on the evidence produced by the defendants.

In St. Louis-S.F. Ry. Co. v. Van Hoy, Okl., 268 P.2d 582, 584, we quoted with approval as follows:

"'Although an instruction may not contain a proper statement of the law or may not be applicable to the issues involved, yet, if it it clearly apparent from the whole record that no prejudice has resulted from the giving of said instruction, the error will not be considered on appeal.'"

See Clements v. McConnell, Okl., 368 P.2d 242.

In State ex rel. City of Ardmore v. Mock, 195 Okl. 246, 156 P.2d 802, we held as follows:

"The appellant has the burden of pointing out wherein the errors complained of in the admission or exclusion of evidence or the giving of instructions probably resulted in a miscarriage of justice or constituted a substantial violation of a constitutional or statutory right before he is entitled to a reversal of the judgment appealed from."

It is our conclusion that no prejudice resulted from the giving of the instructions.

The plaintiff also contends that Instructions 5, 9, 10, 11 and 12 improperly state the law in that they let the jury base an award of damages on conjecture, speculation and a future market value.

Briefly Instruction 5 in pertinent part informs the jury that they are to determine the damage defendants will suffer because of the taking of the 4.78 acres and damages to the remaining land by reason of the taking, and then states this may be found by determining the difference between the fair market value of the property before the taking and the value of the remaining part of the land "by reason of the improvements contemplated." Plaintiff's apparent belief being that the quoted language, when taken in conjunction with the other mentioned instructions, leaves the jury to speculate on the market value. We do not attach this significance to the quoted words. The immediate subject being considered is the value of the remaining land, and this value could or would be affected by its smaller area and by its proximity to the projected turnpike.

Plaintiff's objection to the other described instructions is that, when applied to the evidence, the jury was left to conjecture and to speculate as to the extent the gravel deposit enhanced the market value of the 4.78 acres taken by plaintiff. There is substantial evidence in regard to the extent and value of the gravel deposit. A consulting engineer, and a geologist who was an expert in rocks and minerals and their distribution, testified to the presence of the gravel deposit as disclosed by numerous holes and excavations in the appropriated area. Their testimony was that the gravel was from 5 feet to 35 feet thick. The geologist stated that his scientific investigation disclosed the presence of 154,-605 cubic yards of gravel. A number of witnesses stated the sale price of gravel at the site was 10 cents per cubic yards. This would place the estimated value of the gravel deposit itself at $15,460.50. Some of the gravel had been used on roads close by the Martin's property, but none had been sold. However, the jury could have reasonably concluded, relative to the value of the tract at the time of taking, that there was a market for the gravel, either at the time of taking or within a reasonable time thereafter, according to the testimony and particularly that of the local County Commissioner.

The proof in the above respects was concerning the adaptability of the tract for certain purposes and its value as a result thereof. In Lloyd v. State ex rel. Department of Highways, Okl., 428 P.2d 261, 264, 265, we discussed evidence of adaptability of land to all reasonable uses, and quoted with approval as follows:

"'In determining the market value of real property taken by power of eminent

domain, it is not merely the value of the property for the use to which it has been employed by the owner that should be considered, but its adaptability to all purposes, present and prospective, to which it may reasonably be applied by the condemnee must be considered and taken into account in fixing such value.' "

See City of Tulsa v. Biles, Okl., 360 P.2d 723.

Plaintiff's proposition has no merit.

The judgment of the lower court is affirmed.

All the Justices concur.